**AKERMAN LLP**
CHRISTOPHER R. FREDRICH (SBN 266471)
Email: christopher.fredrich@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

**AKERMAN LLP**
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
1900 Sixteenth Street, Ste. 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendant
JOHN F. REMONDI

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. GLASS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOHN F. REMONDI, as President and CEO of Navient Solutions, Inc. <br><br> Defendant. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION** <br><br> [28 U.S.C. § 1331] <br><br> [Kern County Superior Court Case No. MCS-16-000116] <br><br> Complaint Filed: November 23, 2016 |

TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

Defendant John F. Remondi (**Remondi**) pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Kern County Superior Court to the United States District Court, Eastern District of California, and states as follows:

## I. STATEMENT OF THE CASE

On November 23, 2016, an action was commenced in the Kern County Superior Court, styled *James L. Glass v. John F. Remondi*, Case No. MCS-16-000116 (**State Court Action**). A copy of the complaint in the State Court Action is attached hereto as part of **Exhibit 1**. Plaintiff James L. Glass, Jr. (**Plaintiff**) asserts four causes of action, which Plaintiff characterizes as follows: (1) Failure to validate late payments; (2); Failure to remove items off credit report; (3); Failure to provide proof of items; and (4); Defamation. (*See* Complaint ¶¶ 3(a) and 3(c).)

## II. BASIS FOR REMOVAL JURISDICTION: FEDERAL QUESTION JURISDICTION

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted).

Plaintiff's complaint relies on federal law—namely, the Fair Credit Reporting Act (the **FCRA**), 15 U.S.C. § 1681, et seq. (*See* Complaint ¶¶ 3(a) and 3(c).) Plaintiff alleges NSI violated the FCRA by "failing to remove items off [his] credit report" and "defamation." (*Id.*) The statutory basis for challenging the accuracy of information contained on a credit report is the FCRA. (*See* 15 U.S.C. § 1681s-2(a)(2), imposing a duty on furnishers of information to consumer reporting agencies to correct and update information.) Similarly, defamation actions related to furnishing of credit information to credit reporting agencies is preempted by 15 U.S.C. § 1681h(e) of the FCRA, which provides "no consumer may bring any action or proceeding in the nature of defamation, invasion of

privacy, or negligence …. except as to false information furnished with malice or willful intent to injure such consumer." Adjudication of the Complaint thus requires an analysis and construction of the FCRA to determine whether Plaintiff is entitled to damages as alleged. Removal under 28 U.S.C. § 1331 is proper.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

Removal of this action is timely. To date, Remondi has not been served with the Complaint. Plaintiff sent a copy of the Complaint to Navient Solutions, Inc. (**NSI**), which NSI received on December 6, 2016. This Court is the appropriate forum for removal. Plaintiff filed the state court action in Kern County Superior Court. The United States District Court for the Eastern District of California, is the district covering Kern County, California. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders received in the State Court Action are attached hereto as **Exhibit 1**.

Written notice of the filing of this notice of removal will be given to Plaintiff. A copy of this notice will be promptly filed with the Clerk of the Superior Court of Kern County.

### IV. CONCLUSION

By this notice of removal and the associated attachments, Remondi does not waive any objections he may have as to service, jurisdiction or venue, or any other defenses or objections he may have to this action. Remondi intends no admission of fact, law or liability by this notice, and expressly reserves all defenses, motions and/or pleas. Remondi prays that the State Court Action be removed to this Court,

///
///
///
///
///

that all further proceedings in the state court be stayed, and that Remondi receives all additional relief to which he is entitled.

Dated: January 3, 2017

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Christopher R. Fredrich*
         Dennis N. Lueck, Jr.
         Christopher R. Fredrich
Attorneys for Defendant
JOHN F. REMONDI

# PROOF OF SERVICE

I am employed in the City and County of Denver, Colorado. I am over the age of 18 and not a party to the within action. My business address is 1900 Sixteenth Street, Suite 1700, Denver, Colorado 80202.

On **January 3, 2017**, I served the following document(s) described as:

### NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

James L. Glass, Jr.
3471 Haven Street
Rosamond, CA 93560-7635
Telephone: (323) 873-8723
*Pro Se Plaintiff*

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (PERSONAL/MESSENGER SERVICE) Delivery was made to the attorney or at the attorney's office by serving the documents in an envelope or package clearly addressed and identifying the attorney at the addresses listed above and/or by leaving with a receptionist or an individual in charge of the office.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

AKERMAN LLP
725 S. FIGUEROA STREET, 38TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TEL (213) 688-9500 – FAX: (213) 627-6342

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **January 3, 2017**, at Denver, Colorado.

_____
Nick Mangels
(Type or print name)

_____
(Signature)