UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. GLASS, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN REMONDI, as president and CEO of Navient Solutions, Inc.,<br><br>　　　　　Defendant. | No. 1:17-cv-00003-DAD-BAM<br><br>ORDER GRANTING MOTION TO DISMISS AND MOTION TO INTERVENE<br><br>(Doc. Nos. 4, 5) |

On November 23, 2016, plaintiff James L. Glass, Jr., proceeding *pro se*, filed this action in the small claims court of the Kern County Superior Court of California alleging causes of action for: 1) failure to validate late payments; 2) failure to remove items off credit report; 3) failure to provide proof of items; and 4) defamation. (Doc. No. 1-1 at 3.) On January 3, 2017, defendant John Remondi removed the action to the United States District Court, Eastern District of California under 28 U.S.C. § 1331 on the grounds that plaintiff's causes of action lie in federal law—specifically, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (Doc. No. 1 at 2.) Subsequently, on January 10, 2017, defendant Remondi filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Navient Solutions, Inc. ("NSI") filed a motion to intervene. (Doc. Nos. 4 and 5.) The motions argue that plaintiff improperly named Remondi as the defendant in this action, even though none of the factual allegations are directed

1

at him but instead are directed at NSI, the proper defendant in this action.  (Doc. Nos. 4 at 3 and 5 at 3.)  Accordingly, the motions seek to dismiss Remondi from the action and name NSI as the proper defendant.  (Doc. Nos. 4 and 5.)  As an exhibit to the motion to intervene, NSI has also included a motion for more definite statement of plaintiff's complaint pursuant to Rule 12(e).  (Doc. No. 5-1.)  Plaintiff failed to file oppositions to any of the motions and on February 21, 2017, those motions came before the court for hearing.  Counsel Christopher Fredrich appeared telephonically on behalf of defendant Remondi and intervenor NSI, but plaintiff Glass did not appear.  (Doc. No. 7.)  For the following reasons, the motions are granted.

## I.     LEGAL STANDARDS

### a.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not

physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

   b. *Motion to Intervene*

A party can intervene as a matter of right if the requirements of Rule 24(a)(2) are met by showing:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.
>
> In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations." Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors." "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'"

*United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002) (citations omitted).

Likewise, Rule 24(b)(2) governs a party's request to intervene by permission of the court. Rule 24(b)(2) provides:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2).

In the Ninth Circuit, there are three necessary prerequisites for allowing permissive intervention: "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). As with

3

motions for intervention as of right, "[a] finding of untimeliness defeats a motion for permissive intervention." *United States v. State of Wash.*, 86 F.3d 1499, 1507 (9th Cir. 1996).

## II. ANALYSIS

The very limited allegations of the complaint originally filed in state small claims court indicate that NSI and not Remondi is the proper defendant in this action. Without any more detail, the complaint asserts claims for failure to validate late payments, failure to remove items off credit report, failure to provide proof of items, and defamation. (Doc. No. 1-1 at 3.) All of these allegations relate to the alleged inaccuracy of information contained on plaintiff's credit report, the entry of which are tasks performed by plaintiff's student loan servicer. Plaintiff does not allege any relationship with Mr. Remondi, any communication with Mr. Remondi, any credit information reported by Mr. Remondi, or facts that would support holding Mr. Remondi personally liable.[1] Since plaintiff has alleged no facts supporting a cause of action against Mr. Remondi and appears to have named the wrong defendant, the motion to dismiss Mr. Remondi is granted. Considering the very limited nature of the pleadings at this point, the dismissal, however, will be without prejudice.

Furthermore, NSI's intervention as a matter of right pursuant to Rule 24(a)(2) is proper. First, NSI's motion is timely – it was filed within a week of the action being removed to this court and a month and a half after the action had been filed in the Kern County Superior Court of California. No discovery has been conducted, NSI's intervention will not delay the proceeding, and there is no discernable prejudice to any party. Second, NSI has a legally protectable interest in the subject of the dispute. NSI's motion indicates that it is the servicer of plaintiff's student loans, and the entire complaint relates to debt validation and credit reporting issues related to those loans. Third, the disposition of the action without NSI would impair NSI's ability to protect its interests in defending claims contesting the services it provided. Finally, as the ruling on the motion to dismiss indicates, NSI's interests are not adequately protected by the only named defendant in the matter, Mr. Remondi. NSI's motion to intervene is therefore granted.

---

[1] The complaint does allege that Mr. Remondi is the president and CEO of NSI. (Doc. No. 1-1 at 3.)

4

Finally, considering the vague, and conclusory allegations of the original complaint, which in actuality is a completed small claims form, the court will consider the motion for more definite statement pursuant to Rule 12(e), and *sua sponte* grant it.

Based upon the foregoing,

1) Defendant Remondi's motion to dismiss (Doc. No. 4) is granted;

2) NSI's motion to intervene (Doc. No. 5) is granted;

3) Defendant Remondi is dismissed from the action without prejudice;

4) The Clerk of the Court is directed to terminate defendant Remondi from the case caption and add NSI as the proper defendant;

5) The complaint is dismissed and plaintiff is granted leave to file an amended complaint that pleads claims in accordance with the requirements of Rule 8 of the Federal Rules of Civil Procedure within thirty days of this order; and

6) Alternatively, if plaintiff wishes to voluntary dismiss this action, he is directed to file a notice of dismissal with this court pursuant to Federal Rule of Civil Procedure 41(a)(1).[2]

IT IS SO ORDERED.

Dated: **February 21, 2017**              *Dale A. Drozd*
                                          UNITED STATES DISTRICT JUDGE

---

[2] At the hearing on this motion counsel for Mr. Remondi and NSI reported that plaintiff had recently filed a notice of dismissal in the Kern County Superior Court where this action had been pending prior to its removal to this court which counsel had interpreted as an indication that plaintiff no longer wished to pursue this action.  If that is the case, plaintiff is directed to file a notice of voluntary dismissal with this court and serve that notice on opposing counsel.