UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. GLASS, JR., <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, INC., <br><br> Defendant. | No. 1:17-cv-00003-DAD-BAM <br><br> <u>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS</u> |

On February 21, 2017, the court issued an order granting defendant John F. Remondi's motion to dismiss and granting Navient Solutions, Inc.' motion to intervene as the proper defendant in the matter. (Doc. No. 8.) In that order, the court directed plaintiff James Glass, Jr. to file an amended complaint or, alternatively, to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1). (*Id.* at 5.) The court noted that "[a]t the hearing on this motion counsel for Mr. Remondi and NSI reported that plaintiff had recently filed a notice of dismissal in the Kern County Superior Court where this action had been pending prior to its removal to this court which counsel had interpreted as an indication that plaintiff no longer wished to pursue this action." (*Id.* at 5 n.2.) Plaintiff, however, never filed an amended complaint in this action, voluntarily dismissed the action, or otherwise contacted the court.

On March 30, 2017, the court issued an order requiring plaintiff to show cause on or before April 28, 2017, "why sanctions should not be imposed due to [plaintiff's] failure to comply

1

the court's February 21, 2017 order." (Doc. No. 9 at 2.) The court warned in the order that "should [plaintiff] fail to respond to this order to show cause in writing, as required, this action will be dismissed for failure to prosecute and failure to obey the court's orders." (*Id*.) The time to do so has now passed and plaintiff has failed to respond to the court's order to show cause. In light of plaintiff's repeated failures to timely respond to orders of this court, it appears that he does not wish to prosecute this action.

**Analysis**

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. *Hernandez*, 138 F.3d at 398; *Ferdik*, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id*.

Here, the court imposed deadlines for responding to the court orders and also warned plaintiff that if he did not comply, this action would be dismissed. The court has considered alternative measures. However, despite plaintiff having been warned that his failure to respond would result in dismissal, he has repeatedly failed to abide by court ordered deadlines. Furthermore, the notice of dismissal plaintiff reportedly filed in the Kern County Superior Court where his action was originally filed by him, strongly suggests that he no longer wishes to pursue

this action.  At this point, the court is left with no alternative, but to dismiss the action for failure to prosecute and failure to obey court orders.

Accordingly, this action is hereby dismissed due to plaintiff's failure to prosecute this action and abide by court orders.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 16, 2017**

UNITED STATES DISTRICT JUDGE